**The relief described hereinbelow is SO ORDERED.**



**Signed July 23, 2025.**

_____
**CHRISTOPHER G. BRADLEY
UNITED STATES BANKRUPTCY JUDGE**

_____

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | |
|---|---|
| DEBORAH B. LANGEHENNIG<br>P.O. BOX 91419<br>AUSTIN, TX 78709 | Case No. 24-11056-SMR<br>Chapter 13<br><br>**ORDER CONFIRMING THE PLAN** |
| IN RE:<br>TODD CARLTON HARRIS<br>1600 WEST 38TH ST. SUITE 305<br>AUSTIN, TX 78731 | DEBTOR'S ATTORNEY:<br>MANUEL PAREDES LAW FIRM PLLC<br>1213 W SLAUGHTER LN<br>STE 155<br>AUSTIN, TX 78748-6908<br>(512) 571-3036 |

## ORDER CONFIRMING THE PLAN

Having been considered by the Court, the Plan, or if applicable, the Amended Plan, filed by the Debtor on May 27, 2025 complies with all the provisions of Chapter 13 (11 U.S.C. 1301, et. seq.) and with all other applicable provisions of Title 11 of the United States Code; the Court concludes that the Plan should be confirmed, therefore,

IT IS ORDERED THAT:

1. The Plan is confirmed. The Debtor shall make payments for 60 months and the Plan base is $679,953.12. However, if the Plan calls for payment of 100% of the allowed unsecured claims, it shall continue for the lesser of the number of months called for in the Plan or the period of time necessary to pay the total amount of allowed claims provided for in the Plan.

2. The Debtor shall commence making payments not later than 30 days after filing of the Plan or the Order of Relief, whichever is earlier, and continuing each month thereafter until further order, the Debtor shall pay to the Trustee, Deborah B Langehennig, Chapter 13 Trustee, PO BOX 298, Memphis, TN 38101-0298 the sum of $6,838.99 monthly (or the variable payments, if applicable, noted below) or until $679,953.12 is paid into the Plan.

| Starting: | September 29, 2024 | $6,838.99 | Number of Months: | 24 |
|---|---|---|---|---|
| Starting: | September 29, 2026 | $14,328.26 | Number of Months: | UNTIL END OF PLAN |

However, should the Debtor become more than sixty (60) days delinquent in making such Plan payments to the Trustee, this case may be dismissed without further notice upon the submission of an Order for Summary Dismissal by the Trustee. Further, this Order is without prejudice to the right of any party to request an employer pay order at a subsequent date.

3. All of the disposable income of the Debtor shall be submitted to the payment of creditors of this estate from the beginning date of the first payment until the Plan may be terminated, and they will provide such information as may be requested by the Trustee to exhibit the disposable income.

4. The Debtor has represented by requesting confirmation that, as of the date of the confirmation hearing, they are current on all post-petition direct payments. Confirmation will preclude any right the Debtor may otherwise have to later seek modification of the Plan to deal with any pre-confirmation defaults on direct payments.

5. In addition, all secured creditors shall retain their liens to the extent they are not avoided or modified by specific Court Order.

6. Notwithstanding 11 U.S.C. Section 347 Unclaimed Property, a claim previously allowed may be disallowed pursuant to 11 U.S.C. Sec. 502 for failure to maintain a current address with the United States Bankruptcy Clerk or negotiate Chapter 13 Trustee checks within the time limit specified on the check. Funds previously allocated by the Plan for such claims will be paid to other allowed claims pursuant to the Debtor's Plan.

7. The Debtor's attorney is allowed a total attorney fee of $2,500.00 with $2,500.00 to be paid through the plan with an initial payment of $2,095.00 and subsequent monthly payments of $405.00.

8. Within thirty (30) days of a change of employment or a material increase in income, the Debtor shall provide income verification to the Trustee, shall file a highlighted Amended Schedule I and shall file a pay order. For any added or increased expenses included in an Amended Schedule J, the Debtor shall provide supporting documents to the Trustee within thirty (30) days of filing the Amended Schedule J and shall highlight all changed or added expenses in the Amended Schedule J filed with the Court.

### ORDERS ON MOTION TO VALUE (PURSUANT TO PLAN OR ORDER OF THE COURT)

| Claim ID | Claimant | Total Claim | Collateral Value | Interest Rate |
|---|---|---|---|---|
| 12 | INTERNAL REVENUE SERVICE | $202,880.23 | $1,350,197.00 | NO INTEREST |
| Account: | 7459 | Comment: | 2018/2020-2022/0% interest | |

**Annual Tax Returns**

The Debtor shall provide the Trustee with copies of federal income tax return transcripts on an annual basis in this case. The tax return transcripts shall be provided in a redacted, PDF format and shall be submitted to the Trustee's office at returns@ch13austin.com, with a notation of case name and number in the email subject line. The tax return transcripts are to be provided to the Trustee by May 15th in the year they are due to be filed with the Internal Revenue Service. If the Debtor fails to timely provide the documents, the Trustee may submit an order of dismissal without further notice.

###

Confirmation Recommended By:

/s/ Deborah B. Langehennig

Deborah B. Langehennig
P.O. Box 91419
Austin, TX 78709